Ilyas v. Lynch

BIA
A077 340 247

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand fifteen.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

ALI ILYAS, AKA NAJAM SHARIFF ILYAS,
*Petitioner,*

v.                                                    14-1373
                                                      NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Ali Ilyas, pro se, Bronx, New York.

FOR RESPONDENT:            Joyce R. Branda, Acting Assistant
                           Attorney General; Linda S. Wernery,
                           Assistant Director; Janice K.

Redfern, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ali Ilyas, a native and citizen of Pakistan, seeks review of the BIA's April 10, 2014, decision denying his motion to reopen. *In re Ali Ilyas*, No. A077 340 247 (B.I.A. Apr. 10, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An applicant may file one motion to reopen within 90 days of the date on which a final administrative decision was

2

rendered in the proceeding sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Ilyas's motion to reopen was untimely and number-barred because it was his second motion and he filed it almost 10 years after his order of removal became final. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the limitations do not apply where a motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered,if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

It was not error for the agency to conclude that Ilyas failed to show a material change in country conditions between his asylum hearing and when he filed his motion to reopen. The evidence showed that pervasive sectarian violence in Pakistan existed in the years preceding Ilyas's 2003 asylum hearing and continued at the time of his 2014 motion to reopen. *See Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006)(establishing date of hearing as baseline for assessing whether evidence establishes changed conditions). Although the news articles

3

and reports submitted by Ilyas suggested that violence may have increased over the years, it was not error to conclude that the recent evidence—even if it showed a marginal increase—was insufficient to constitute a material change in country conditions excusing the applicable procedural limitations. *See* 8 U.S.C. §1229a(c)(7)(C)(ii); 8 C.F.R. §1003.2(c)(3)(ii); *see also In re S-Y-G-*, 24 I. & N. Dec. 247, 257 (B.I.A. 2007) ("Change that is incremental or incidental does not meet the regulatory requirements" for motions to reopen based on changed country conditions).

Moreover, as the BIA observed, evidence of generalized sectarian violence in Pakistan was insufficient to show that Ilyas's fears differed from the population as a whole. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) ("General violence in [a country] does not constitute persecution, nor can it form a basis for petitioner's well-founded fear of persecution."). And the BIA was not required to find that Ilyas would be targeted for converting two people to Shia Islam because this assertion was found not credible in his underlying merits proceedings. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005).

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk